# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AYMAN ELANSARI, *Plaintiff,* v. THE FIRST LIBERTY INSURANCE CORPORATION, *Defendant.* | Case No. 2:20-cv-5901-JDW |

## MEMORANDUM

Legal theories alone are not enough to sustain litigation. A plaintiff must also plead factual allegations to support his legal theories. The latter step is where Ayman Elansari falls short in this case. He claims that The First Liberty Insurance Company failed to provide him with some benefits under his auto insurance policy and asserts breach of contract and statutory bad faith claims. But he does not explain what First Liberty did or how it breached its contractual obligations. The Court will therefore dismiss Mr. Elansari's Amended Complaint. It will also deny his motion to file a second amended complaint because the new pleading would suffer the same fatal flaws. But the Court will give Mr. Elansari one final chance to plead a viable claim.

## I.   BACKGROUND

### A.   The Accident And The Claim

First Liberty issued to Mr. Elansari an auto insurance policy for the policy period September 16, 2017-September 15, 2018 (the "First Liberty Policy"). During the policy period, Mr. Elansari got into a "moderate vehicle accident." (ECF No. 26 at ¶ 12.) Following the accident, Mr. Elansari filed a claim with First Liberty seeking total liability and lost income coverage. In April 2019, First Liberty issued a check for $3,763.59. In July 2019, First Liberty informed Mr.

Elansari that it would not provide him with additional compensation. But in April 2020, after Mr. Elansari filed suit, First Liberty issued an additional payment of $1,089.59 (the "April Payment")

Mr. Elansari contends that First Liberty breached its insurance contract and acted in bad faith violation of 42 Pa. C.S.A. § 8371 when it denied him additional compensation and delayed sending him the April Payment. He seeks to recover the premiums he paid First Liberty, totaling approximately $50,000, in addition to the loss income compensation payments of about $9,998.75, as well as special and punitive damages.

### B. Procedural History

On November 2, 2020, Mr. Elansari brought this action in the Philadelphia Court of Common Pleas. He asserted claims against First Liberty for breach of contract and for bad faith under 42 Pa. C.S.A. § 8371. At the time, Mr. Elansari was proceeding *pro se*. First Liberty removed the case to this Court on diversity grounds and moved to dismiss Mr. Elansari's complaint. The Court granted First Liberty's motion and allowed Mr. Elansari leave to amend his complaint. Mr. Elansari filed the Amended Complaint on March 19, 2021, and First Liberty again moved to dismiss. Mr. Elansari then filed a Motion for Leave to File a Second Amended Complaint. After the parties briefed First Liberty's Motion to Dismiss, Mr. Elansari obtained counsel. To resolve this motion, however, the Court will use a more liberal and less stringent *pro se* standard because Mr. Elansari was a *pro se* litigant at the time of the filing.

## II. ANALYSIS

### A. Motion To Dismiss

In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom, and must determine

whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). A document filed *pro se* is to be liberally construed, and a Court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted). Accordingly, claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). That said, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (citations omitted).

### 1. Breach of contract

To prevail on a breach of contract claim, a plaintiff must plead: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 884 (Pa. Super. Ct. 2000) (quote omitted). The parties agree that the First Liberty Policy was a contract that satisfies the first element of the claim.

In his Amended Complaint, Mr. Elansari pleads that First Liberty breached its contract by "withholding payment unjustly and erroneously without a valid basis, undue delay in processing his claim, and failure to conduct a thorough investigation of Plaintiff's claim with regards to hours." (ECF No. 26 at ¶ 22. (cleaned up).) The Court need not credit these conclusory statements because there are no factual assertions to support them. Mr. Elansari does not explain what payments he thinks First Liberty owed but did not pay under the First Liberty Policy or what investigation it failed to conduct. Although Mr. Elansari makes a passing reference to the lost

3

income of "about $9,998.75" (ECF No. 26 at ¶ 23), he offers no other details. He does not indicate, for example, what provision of the First Liberty Policy obligated First Liberty to pay him that lost income. If Mr. Elansari intends to proceed on this loss-of-income theory, he should identify the factual basis for his assertion that First Liberty breached an obligation under the First Liberty Policy.

Mr. Elansari's argument that First Liberty breached its contract by withholding $1,089.59 cannot support his claim because First Liberty paid him that amount. To the extent that Mr. Elansari argues that First Liberty breached its contract by delaying processing this payment, he neither pled enough facts nor cited contractual language that would establish a duty on the First Liberty to process his claims within a specific timeframe. And, in any event, Mr. Elansari cannot show damages attributable to this delay. Mr. Elansari's arguments that he is owed punitive damages for the "erroneously delayed payment" (ECF No. 33 at ¶ 2) and past insurance premiums misapprehend the law. As a matter of law, Mr. Elansari cannot recover punitive damages or past premiums based on a breach of contract claim. *See DiGregorio v. Keystone Health Plan East*, 840 A.2d 361 (Pa. Super. Ct. 2003); 5 Couch on Ins., 3d Ed. § 79:7. Rather, to establish a breach of contract, Mr. Elansari must show damages that would naturally and ordinarily result from the delay in payment. *See Logan v. Mirror Printing Co. of Altoona, Pa.*, 448, 600 A.2d 225, 226 (Pa. Super. Ct. 1991). The Court will therefore dismiss with prejudice Mr. Elansari's claim for breach of contract based on undue delay.

### 2. Bad faith

Pennsylvania law defines bad faith as "a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured." *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n9 (3d Cir. 1999). To state a bad faith claim under the

statute, a plaintiff must show "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of reasonable basis" in denying the claim. *Rancosky v. Wash Nat'l. Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (adopting two-part test articulated in *Terletsky v. Prudential Property & Cas. Ins. Co.*, 649 A.2d 680 (Pa. Super. 1994)).

Mr. Elansari alleges that First Liberty's delayed payment of the April Payment "in and of itself [constitutes] bad faith." (ECF No. 26 at ¶ 5.) But a delay in payment is not a *per se* violation of 42 Pa. C.S.A. § 8371. Although an unreasonable delay can be considered a bad faith insurance practice under the statute, "a long period of delay between demand and settlement does not, on its own, necessarily constitute bad faith." *Thomer v. Allstate Ins. Co.*, 790 F. Supp. 2d 360, 370 (E.D. Pa. 2011) (quoting *Kosierowski v. Allstate Ins. Co.*, 51 F. Supp.2d 583, 589 (E.D. Pa. 1999), *aff'd,* 234 F.3d 1265 (3d Cir. 2000)). Instead, a plaintiff must plead facts sufficient to demonstrate that (1) the defendant had no reasonable basis for the actions it undertook, which resulted in the delay, and (2) that the defendant knew or recklessly disregarded the fact that it had no reasonable basis to deny payment. *See id*. If the delay is attributable to a need for further investigation or even to simple negligence, there is no bad faith. *See Kosierowski*, 51 F. Supp.2d at 589.

Nothing in Mr. Elansari's Complaint suggests that First Liberty knew or recklessly disregarded that it had no reasonable basis to delay the April Payment. On the contrary, according to the Complaint, after Mr. Elansari filed suit, "the matter was looked at with greater scrutiny," and First Liberty sent him an additional check for $1,089.59, eight to nine months after denying him additional benefits. (ECF No. 26 at ¶ 29.) To be sure, Mr. Elansari's Complaint asserts facts that, if true, might show First Liberty's negligence. However, it does not attribute this delay to

First Liberty's knowledge or recklessness that it had no basis for the delay. Mr. Elansari asserts that these facts "not only demonstrate lack of reasonable basis but also of knowledge and/or reckless disregard." (*Id.*) But without additional factual allegations, the Court cannot infer recklessness based only on a nine-month delay of an additional payment.

### B. Leave to Amend

Federal Rule of Civil Procedure 15 conditions amendment of a pleading on the Court's leave or the opposing party's written consent. The rule instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal amendment regime helps effectuate the "general policy embodied in the Federal Rules favoring resolution of cases on their merits." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017). A court may deny leave to amend based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, prejudice to the opposing party, and futility. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v. Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (quote omitted). In determining whether a claim would be futile, "the district court applies the same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Mr. Elansari seeks leave to amend his complaint. But his proposed amendments do not cure the deficiencies discussed above. Although Mr. Elansari's proposed Second Amended Complaint does explain how he arrived at the $9,998.75 figure, it still does allege why First Liberty had an obligation to pay him that money. Mr. Elansari's proposed amendments also do not cure the problems with his bad faith claim. The Court will deny Mr. Elansari's Motion but will offer

6

him an opportunity to amend deficiencies in his Amended Complaint in accordance with this Memorandum.

## III. CONCLUSION

Mr. Elansari's Amended Complaint is full of legalese and "formalistic recitations of the elements of" his claims. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). But it's missing factual statements showing that he is entitled to the relief he seeks. For that reason, the Court will dismiss Mr. Elansari's claims. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

May 6, 2021